IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br><br>THOMAS FAIRBANKS,<br><br>                       Defendant. | **MEMORANDUM DECISION AND ORDER DENYING UNITED STATES'S REQUEST TO ADMIT EXPERT TESTIMONY**<br><br>Case No. 1:19-cr-00114-JNP<br><br>District Judge Jill N. Parrish |

       Defendant Thomas Fairbanks was charged with two counts of securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x, two counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of 18 U.S.C. § 1957. Fairbanks's trial on these charges is currently scheduled to begin on August 26, 2022. The United States filed a notice of disclosure of expert testimony, indicating that it intends to solicit expert testimony on the issues of what constitutes a security, what constitutes an investment contract, the meaning and application of caveat venitor in securities transactions, and the legal obligations of sellers of securities. *See* ECF No. 60. At the final pretrial conference, the court and the parties discussed whether such expert testimony should be admitted. Thereafter, the United States filed its Briefing on Expert Witness Testimony Admissibility. ECF No. 81. The court has concluded that additional argument on this issue would not be helpful or necessary and will accordingly decide the admissibility of the expert testimony based on the discussion at the final pretrial conference and the written memorandum of the United States. *See* DUCivR 7-1(f). For the reasons presented herein, the court DENIES the United States's request to admit expert testimony.

1

In its brief, the United States maintains that it "intends to solicit testimony from the expert that explains the many forms that securities can take and explains accepted methods within the industry that are used to determine factually whether a particular contract is an investment contract." *Id.* at 1. The United States further states that it "also intends to solicit testimony from the expert about what kinds of information is generally considered relevant information about the security seller's business including the industry standard that governs securities—Caveat Venitor (or seller beware)." *Id.*

"[E]xpert testimony under Rule 702 is proper 'if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. The expert can *refer* to the law in expressing his opinion, but he may not tell the jury what legal standards must guide their verdict." *MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, 468 F. App'x 816, 821 (10th Cir. 2012) (unpublished) (internal citations omitted); *see also Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts.").

Here, the court concludes that the testimony that the United States intends to elicit from the proposed expert witness is impermissible opinion regarding legal standards or would not be helpful to the jury. For example, testimony regarding "the kinds of attributes that make up an investment contract versus the kinds of attributes that make up a note," ECF No. 81 at 6, is, for all practical purposes, testimony regarding the legal test that the jury should employ in deciding whether the collaboration agreements at issue in this case were investment contracts. It is improper for an expert to provide such testimony and, therefore, the court will not permit the United States's

proposed expert to provide such testimony here.[1] *See MCC Mgmt.*, 468 F. App'x at 821; *Christiansen*, 332 F.3d at 1283. Similarly, the court will not permit the United States's proposed expert to testify about "the many forms that securities can take," ECF No. 81 at 1, as that is also a legal issue, *see* 15 U.S.C. § 77b(1) (defining the term "security"). Rather, the legal standard that is used to distinguish investment contracts from notes and the many forms that securities can take are proper subjects for the jury instructions that the court will deliver to the jury.[2] Indeed, in its brief, the United States cited jury instructions regarding the test to determine whether a note is a security. Similar jury instructions are likely appropriate here.

Moreover, the court concludes that expert testimony regarding "what kinds of information is generally considered relevant information about the security seller's business" and "the industry standard that governs securities—Caveat Venitor (or seller beware)"—is also inappropriate. *See* ECF No. 81 at 1. "To determine whether the [expert] testimony will help the trier of fact, courts consider, in part, whether the testimony is 'within the juror's common knowledge and experience.'" *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1172 (10th Cir. 2020) (citation omitted); *see also United States v. Coutentos*, 651 F.3d 809, 821 (8th Cir. 2011) ("Where the subject matter is within the knowledge or experience of lay people, expert testimony is superfluous." (internal quotation and citation omitted)); *United States v. Lespier*, No. 2:10cr09, 2012 U.S. Dist.

---

[1] The United States also asserts that it intends to elicit testimony from its proposed expert regarding "accepted methods within the industry that are used to determine factually whether a particular contract is an investment contract." ECF No. 81 at 1. To the extent that such testimony is not simply testimony regarding the legal test that should be used to determine whether a contract is an investment contract, the testimony is irrelevant, because the jury needs to apply Tenth Circuit law—not some industry standard—to determine whether the collaboration agreements were investment contracts.

[2] In its notice of proposed expert testimony, the United States also asserted that it intended for its expert to "explain the legal obligations on the part of a seller of a security with respect to the buyer." ECF No. 60 at 3. Such testimony is impermissible opinion regarding the law and, thus, is inadmissible as well.

3

LEXIS 41470, at *20 (W.D.N.C. Mar. 27, 2012) ("The purpose of expert testimony is to assist jurors in understanding complex subjects which are outside the realm of common knowledge. If the proposed testimony from an expert is within the realm of common sense, it is not an appropriate subject for an expert witness." (internal citations omitted)). Here, the "kinds of information . . . generally considered relevant information about the security seller's business," *see* ECF No. 81 at 1, is subject matter "within the knowledge or experience of lay people," *see Coutentos*, 651 F.3d at 821. Indeed, in this case, the alleged victims of the fraud were not sophisticated businesspeople or securities traders. Rather, according to the United States, the alleged victims were "elderly and vulnerable individuals." *See* ECF No. 83 at 8. Thus, the jury is well-positioned to determine the information that such investors would have considered relevant and important in making their investment decisions, even in the absence of expert testimony. *See United States v. Mooney*, No. 02-3388, 2004 U.S. App. LEXIS 15301, at *10 (8th Cir. July 23, 2004) (unpublished) ("A fact is material in the securities fraud context if there is a substantial likelihood that a reasonable investor would consider it important in making an investment decision.").

Furthermore, the court concludes that testimony regarding "the industry standard that governs securities—Caveat Venitor (or seller beware)"—is irrelevant. Fairbanks has been charged with violating federal law with respect to his alleged sale of securities; he has not been charged with violating some industry standard. Therefore, at a minimum, testimony regarding an industry standard is likely to only confuse and mislead the jury regarding the standard that it must apply in determining whether Fairbanks's conduct was criminal. To the extent that seller beware is part of the legal standard that governed Fairbanks's conduct, it is appropriate subject matter for a jury instruction, not expert testimony.

## CONCLUSION AND ORDER

For the foregoing reasons, the court DENIES the United States's request to admit expert testimony (ECF No. 81).

DATED August 19, 2022.

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge